### In re: WELLNX MARKETING AND SALES PRACTICES LITIGATION.
#### MDL No. 1861.

United States Judicial Panel on Multidistrict Litigation.

Aug. 31, 2007.

Before D. LOWELL JENSEN, ROBERT L. MILLER, JR., DAVID R. HANSEN, J. FREDERICK MOTZ, KATHRYN H. VRATIL, ANTHONY J. SCIRICA*, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN, Chairman.

**Before the entire Panel.*** Defendants Wellnx Life Sciences Inc. (Wellnx), Derek Woodgate, Brad Woodgate, and Scott Welch have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Maryland or, alternatively, the District of New Jersey. All responding parties support centralization; however, plaintiffs in seven actions and three potential tag-along actions propose centralization in the District of New Jersey or, alternatively, the District of Arizona. Plaintiff in a potential tag-along action pending in the District of Massachusetts supports centralization in the District of Massachusetts or, alternatively, the District of New Jersey.

This litigation currently consists of nine actions listed on Schedule A and pending, respectively, in the following nine districts: the District of Arizona, the Central District of California, the Middle District of Georgia, the District of Kansas, the District of Maryland, the Western District of Missouri, the District of Nevada, the East-

of this matter.

ern District of North Carolina, and the Eastern District of Tennessee.[1]

On the basis of the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions contain allegations that defendants improperly marketed the Wellnx Slimquick and/or NV products. Plaintiffs, who bring their claims on behalf of statewide classes of purchasers, rely on theories of fraud, unjust enrichment and strict products liability for manufacturing and design defects; several plaintiffs also contend that Wellnx's marketing of the products violated state consumer protection laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Massachusetts is an appropriate transferee forum for this docket. Defendants are located in Toronto, Canada, while plaintiffs are scattered across the United States. Given the geographic dispersal of the constituent actions and the potential tag-along actions, the District of Massachusetts offers a relatively convenient forum for this litigation, along with an experienced MDL transferee judge to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Richard G. Stearns for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

*District of Arizona*

*Diandra Johnson, et al. v. NxCare, Inc., et al.,* C.A. No. 4:07–69

*Central District of California*

*Giselle Rideaux, et al. v. NxCare, Inc., et al.,* C.A. No. 2:07–2399

*Middle District of Georgia*

*Tammy M. Britton v. NxCare, Inc., et al.,* C.A. No. 4:07–61

*District of Kansas*

*Cindy Dias, et al. v. NxCare, Inc., et al.,* C.A. No. 2:07–2066

*District of Maryland*

*Dana Weeks v. NxCare, Inc., et al,* C.A. No. 1:07–367

*Western District of Missouri*

*Christine Bartell, et al. v. NxCare, Inc., et al.,* C.A. No. 6:07–3050

*District of Nevada*

*Olivia Daniel, et al. v. NxCare, Inc., et al.,* C.A. No. 2:07–482

*Eastern District of North Carolina*

*Mary Cobb v. NxCare, Inc., et al.,* C.A. No. 4:07–50

*Eastern District of Tennessee*

*Christy Lee Adkins, et al. v. NxCare, Inc., et al.,* C.A. No. 3:07–63

1. In addition to the nine actions now before the Panel, the parties have notified the Panel of seven related actions pending, respectively, in the Northern District of Florida, the Southern District of Illinois, the Eastern District of Kentucky, the District of Massachusetts, the District of New Jersey, the Eastern District of New York, and the Western District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).